# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NATIONAL CHENG KUNG UNIVERSITY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:13-cv-00442-MHS |
| INTEL CORPORATION, | ) |
| Defendant. | ) |

## DEFENDANT INTEL CORPORATION'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Intel Corporation ("Intel") answers the Complaint of Plaintiff National Cheng Kung University ("NCKU") as follows:

## PARTIES

1.  Intel is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and therefore denies them.

2.  Intel denies that it is incorporated under the laws of California. Intel is a Delaware corporation. Intel admits that its principal place of business is at 2200 Mission College Blvd., Santa Clara, CA 95054. Intel admits that it is registered to do business in the State of Texas. Intel admits that its agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Intel admits that it has a research and development facility in Austin, Texas and that it has sales offices in Dallas, Texas and Austin, Texas. Intel denies any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Intel admits that the Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 1 et seq. Intel admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Intel does not contest that venue is proper in this district, but denies that this venue is convenient under 28 U.S.C. § 1404(a). Intel admits that it sells products in this district, but denies that it has committed acts of patent infringement in this district or elsewhere. Intel denies any remaining allegations in Paragraph 4.

5. Intel does not challenge that this Court has personal jurisdiction over it and admits that it conducts business in this district. Because the term "regularly" is undefined in Paragraph 5 and is subject to interpretation, Intel can neither admit nor deny that the level of business it conducts in this district is regular. Intel denies any remaining allegations in Paragraph 5.

## COUNT I

6. Intel admits that United States Patent No. 5,636,152 ("the '152 Patent") is entitled "Two-Dimensional Inverse Discrete Cosine Transform Processor" and bears an issuance date of June 3, 1997, and a filing date of April 28, 1995. Intel admits that a document purported to be the '152 Patent is attached to the Complaint as Exhibit A. Intel is without knowledge or information sufficient to admit or deny whether NCKU is the owner of all rights, title and interest to the '152 Patent and therefore denies that allegation. Except as admitted, Intel denies any remaining allegations in Paragraph 6.

7. Intel denies the allegations of Paragraph 7.

8. Intel denies the allegations of Paragraph 8.

9. NCKU does not state an allegation in Paragraph 9 to which a responsive pleading is required. To the extent that Paragraph 9 is construed to include any allegations, Intel denies such allegations.

10. Intel denies the allegations of Paragraph 10.

11. Intel denies the allegations of Paragraph 11.

## PRAYER FOR RELIEF

In response to the prayer for relief, Intel denies that NCKU is entitled to any of the relief sought.

## INTEL'S AFFIRMATIVE DEFENSES

Intel alleges and asserts the following defenses in response to NCKU's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

## FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

13. Intel has not infringed any valid and enforceable claim of the '152 Patent either directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

14. Each claim of the '152 Patent is invalid under 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

15. NCKU's claims are barred under the doctrines of laches, estoppel, waiver, and/or acquiescence.

**FIFTH AFFIRMATIVE DEFENSE**

16. NCKU's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

17. NCKU's claims are barred under the doctrine of patent misuse.

**SEVENTH AFFIRMATIVE DEFENSE**

18. NCKU's claims for damages are barred, in whole or in part, by its and/or its predecessor(s)-in-interest's failure to properly mark relevant products as required by 35 U.S.C. § 287 or to provide notice under 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

19. By reason of the prosecution before the United States Patent Office ("PTO") leading to, concurrently with, and/or following the issuance of the '152 Patent, and by reason of statements and admissions made by or on behalf of the applicants, NCKU is estopped from claiming infringement by Intel of one or more of the claims of the '152 Patent.

**NINTH AFFIRMATIVE DEFENSE**

20. NCKU is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for Intel's alleged infringement of the patent-in-suit. NCKU will be unable to establish that: (1) it has suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between NCKU and Intel, a remedy in equity is warranted; and (4) the public interest would be served by a permanent injunction.

# COUNTERCLAIMS

Defendant Intel Corporation ("Intel"), in counterclaim against Plaintiff National Cheng Kung University ("NCKU"), hereby alleges as follows:

1. Intel is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054.

2. On information and belief, NCKU is a higher education institution with a principal address of N. 1, University Road, Tainan, Taiwan, R.O.C.

3. Subject to Intel's affirmative defenses and denials, Intel alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

4. This Court has personal jurisdiction over NCKU.

5. In its Complaint, NCKU asserts that Intel has infringed at least one claim of U.S. Patent No. 5,636,152 ("the '152 Patent").

6. The '152 Patent is invalid, unenforceable, and/or has not been and is not infringed by Intel, directly or indirectly, either literally or under the doctrine of equivalents.

7. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '152 Patent.

## COUNT I

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,636,152

8. Intel restates and incorporates by reference its allegations in Paragraphs 1 through 7 of its Counterclaims.

9. An actual case or controversy exists between Intel and NCKU as to whether the '152 Patent is invalid and not infringed by Intel.

10. A judicial declaration is necessary and appropriate so that Intel may ascertain its rights with respect to whether the '152 Patent is invalid and not infringed by Intel.

11. Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '152 Patent, either literally or under the doctrine of equivalents.

12. The '152 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT II

### Declaratory Judgment of Unenforceability of U.S. Patent No. 5,636,152

13. Intel restates and incorporates by reference its allegations in Paragraphs 1 through 7 of its Counterclaims.

14. An actual case or controversy exists between Intel and NCKU as to whether the '152 Patent is unenforceable.

15. A judicial declaration is necessary and appropriate so that Intel may ascertain its rights with respect to the '152 Patent.

16. Intel requests that the Court enter a declaratory judgment that the '152 Patent is unenforceable against Intel due to the doctrines of laches, estoppel, waiver, and/or acquiescence.

## **PRAYER FOR RELIEF**

WHEREFORE, Intel prays for judgment as follows:

A.  Holding that NCKU is not entitled to any relief, whether legal, equitable, or otherwise, from its suit against Intel;

B.  Declaring that Intel does not infringe, either directly or indirectly, the claims of the '152 Patent;

C.  Declaring the claims of the '152 Patent invalid;

D.  Declaring the '152 Patent unenforceable;

E.  Awarding Intel the costs incurred by it in connection with this action;

F.  Awarding Intel reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.  Granting such other and further relief as this Court may deem just and proper.

Dated: August 30, 2013               Respectfully submitted,

*/s/Robert Christopher Bunt*
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, L.L.P.**
303 S. Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: gil@gillamsmithlaw.com

Gregory S. Arovas (*admitted pro hac vice*)
Todd M. Friedman (*admitted pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: greg.arovas@kirkland.com
E-mail: todd.friedman@kirkland.com

Nyika O. Strickland (*admitted pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-mail: nyika.strickland@kirkland.com

*Attorneys for Defendant Intel Corporation*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 30, 2013.

                                          */s/ Robert Christopher Bunt*
                                          Robert Christopher Bunt